**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PATRICIA A. FRANTOM, | No. 14-56889 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-01998-PSG-MRW |
| v. | |
| CEDRIC G. WHITE, individually; ANDREA MEDINA, individually, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Patricia A. Frantom appeals pro se from the district court's judgment in her

42 U.S.C. § 1983 action alleging constitutional violations arising out of the

placement of a monitoring device around her ankle as a condition of her probation.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) and on the basis of immunity. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). We affirm.

The district court properly dismissed Frantom's action because defendants were entitled to absolute immunity for imposing Global Positioning System ("GPS") monitoring as a condition of Frantom's probation pursuant to their discretionary authority under section 1210.12 of the California Penal Code. *See* Cal. Penal Code § 1210.12 ("A county chief probation officer shall have the sole discretion, consistent with the terms and condition of probation, to decide which persons shall be supervised using continuous electronic monitoring administered by the county probation department."); *see also Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013) (concluding that parole officers were entitled to absolute immunity from the parolee's damages claims arising out of the imposition of GPS monitoring as a condition of parole pursuant to their discretionary authority under section 3010 of the California Penal Code).

**AFFIRMED.**

14-56889